THE STATE OF KANSAS, *Appellee,* v. EMELINE HATCH, *Appellant.*

No. 17,239.

SYLLABUS BY THE COURT.

1. ABORTION—*Evidence.* The evidence in this case, direct and circumstantial, was sufficient to justify the submission of the case, under proper instructions, to the jury.

2. CRIMINAL LAW — *Evidence — Opinion of Experts.* Where physicians testify, as experts, to the measurements and appearance of a fetus found by them in the body of a deceased woman, and that from such measurements and appearance they each had an opinion as to the age of the fetus and as to whether the woman at her death was quick with child, it is competent to allow such witnesses to testify each to his opinion.

Appeal from Reno district court. Opinion filed December 10, 1910. Affirmed.

*W. H. Lewis, F. F. Prigg,* and *C. M. Williams,* for the appellant.

*Fred S. Jackson,* attorney-general, and *James Hettinger,* county attorney, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellant was charged, tried and convicted under section 15 of the crimes act. A large number of assignments of error were made, but only two are urged. In appellant's brief it is alleged that the principal point relied upon for a reversal of the judgment is the insufficiency of the evidence to establish the charge. The evidence tending to establish the guilt of the defendant is practically all circumstantial. One woman was present, but not in the same room, although, if her testimony is true, she was in a position to see the deceased at the time of the supposed act which resulted in the death of the deceased and her unborn child. If her evidence had been believed by the

jury, an acquittal must have resulted. It is conceded by the defense, however, that although the state offered this woman as a witness the prosecution was not concluded by her evidence, and that the jury might believe the circumstantial evidence tending to establish guilt even in opposition to the direct and positive evidence of the witness.

The evidence of a number of physicians who held a post-mortem examination of the body on the day following the death indicates that the deceased died of shock, and that there was no apparent physical injury upon the body which would account for the death; that shock may result from nervous excitation, possibly caused by a very slight physical injury, which causes the heart to empty itself of blood, the brain to become anæmic, and engorges nearly all the other internal organs with an excess of blood; that the accused exhibited to one or more of the physicians very soon after the death a catheter smeared with vaseline, indicating that it had been recently used; that the underclothing and body were wet; that around the armpits and on the waist the clothing was slightly smeared with blood, indicating that an attempt had been made to wash off the blood. The accused stated to the coroner, in effect, that she was in the business, to some extent, of procuring abortions for women and charging a fee therefor.

The woman who was present testified that the deceased had called upon the accused for the second time for the purpose of having the accused procure an abortion for her, and that the accused had been for some time alone with the deceased immediately before and following the death.

It is urged that the court erred in admitting in evidence the opinions of some of the physicians who conducted the post-mortem examination as to whether the fetus was quick. It is urged that only the mother or persons who have placed their hands upon her body and felt the independent motion of the fetus can know

whether or not it is quick.   If this were adopted as the iron-clad rule of evidence in such cases, the statute defining the crime would be practically impossible of enforcement after the death of the mother.   The evidence given by the physicians of the measurements made of the fetus, and its appearance, their means of knowing from measurements and appearance its age and of the time of quickening, we think was properly admitted; also the opinion of each as to whether the deceased was quick with child.   It was for the jury to say, after considering all the evidence, what weight they would give to such opinions.

The court properly instructed the jury that they must acquit the accused unless they were satisfied by the evidence beyond a reasonable doubt of her guilt.

After fully considering all of the evidence, all of the objections thereto and the arguments of counsel, we think that the case was fairly submitted to the jury and can not say that the jury could not conscientiously, after a full consideration of all the circumstances, find beyond a reasonable doubt that the accused was guilty of the crime charged.   The judgment is affirmed.